IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**RODOLPHO ARROYO-SEGOVIANO,**

    Defendant.

No. 6:21-cr-00190-AA-1

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on a Motion to Revoke Release Order filed by the Government. ECF No. 51.[1] Defendant Rodolpho Arroyo-Segoviano is charged by criminal complaint with Conspiracy to Distribute and Distribution of 500 Grams or More of a Mixture or Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. ECF No. 1.

Mr. Arroyo-Segoviano appeared before Magistrate Judge Mustafa T. Kasubhai on August 4, 2020 and was ordered detained. ECF Nos. 10, 11. A detention hearing

---

[1] This motion was originally filed in Case No. 6:20-mj-00186-MK and that case number is reflected in the caption of the briefing for the pending motion.

Page 1 – OPINION & ORDER

was held before Magistrate Judge Mark D. Clarke on August 12, 2020. ECF No. 37.

On August 13, 2020, Judge Clarke entered the following order:

> It is the Court's present intent to sign a release order with conditions for defendant Arroyo-Segoviano on Monday, 08/17/2020. If the government would like to submit a summary of the nature of any relevant wire tap information to the Court they can do so by 3PM on 08/14/2020. This would in particular include any evidence that defendant Arroyo-Segoviano has a propensity for violence or is likely to flee. If the Court does sign the release order on Monday 08/17/2020, the Court will Stay the release for 48 hours to allow the government to appeal this decision to a District Court Judge.

ECF No. 45.

> On August 14, 2020, Judge Clarke issued the following order:
>
> The Court has reviewed the report of Pretrial Services, considered the arguments of counsel, and read the criminal complaint and affidavit. Defendant has rebutted the presumption of detention under the Bail Reform Act by his community ties, legal status in the country, and lack of any criminal record. Although the underlying complaint charges are serious, the Court does not find the government has proved that Defendant is a flight risk that strict conditions, including GPS with home detention, cannot reasonably assure the appearance of Defendant or that Defendant, by clear and convincing evidence is a danger to the community that conditions of release cannot reasonably protect the community. The Court will sign the release order on 8/17/2020 but stay the order for forty-eight (48) hours to allow the government to appeal to a District Court Judge.

ECF No. 49.

The Government filed the present Motion to Revoke Release Order on August 17, 2020. ECF No. 51. Mr. Arroyo-Segoviano filed his Response on August 19, 2020. ECF No. 55. On the same day, this Court stayed Mr. Arroyo-Segoviano's release "to allow the government to share evidence it intends to present to the Court with the defense pursuant to 18 U.S.C. § 2518(9)." ECF No. 56. Mr. Arroyo-Segoviano filed a

supplemental Response on September 8, 2020. ECF No. 69. The matter was set for an expedited hearing, which was held on September 11, 2020, at which time the Court took the matter under advisement. ECF No. 70. Mr. Arroyo-Segoviano filed a Supplemental Declaration on September 28, 2020. ECF No. 85.

Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The BRA mandates the release of a person pending trial unless the court "finds no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

When, as here, there is probable cause to believe the defendant committed an offense under 18 U.S.C. § 924(c) or under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Although the presumption shifts

the burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If a defendant proffers evidence to rebut the presumption in favor of detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086. The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (internal quotation marks and citation omitted).

As noted above, the rebuttable presumption in favor of detention applies in this case. The Court concurs with Judge Clarke's determination concerning the presumption in favor of detention and finds that Mr. Arroyo-Segoviano has rebutted the presumption. However, the fact of the presumption remains in the case as an evidentiary finding militating against release and, upon review of the record, the Court concludes that the § 3142(g) factors weigh in favor of continued detention. The nature and circumstances of the offense are deeply concerning, as is the weight of the

evidence against Mr. Arroyo-Segoviano. Although Mr. Arroyo-Segoviano has presented evidence of a loving and supportive family, his frequent international travel undermines his connection to the community. Mr. Arroyo-Segoviano's alleged role within the criminal organization, the presence of numerous weapons allegedly connected with the organization, and the violence associated with that organization, present a serious danger to the community, notwithstanding Mr. Arroyo-Segoviano's personal lack of criminal history.

The Court concludes that the Government has carried its burden and that there is no set of conditions that would ensure Mr. Arroyo-Segoviano's appearance at trial or ensure the safety of the community. The Court therefore GRANTS the Government's Motion to Revoke Release, ECF No. 51, and orders that Mr. Arroyo-Segoviano remain detained.

It is so ORDERED and DATED this 11 day of June 2021

       /s/ Ann Aiken
       ANN AIKEN
       United States District Judge